IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY WAS, <br><br> Defendant. | Civil Action No. 2:24-cv-05916 |

### Order

    THIS MATTER having come before the Honorable Judge Leo M. Gordon, U.S. Court of International Trade, sitting by designation in the District of New Jersey, for a settlement conference on November 10, 2025, with the parties and their respective counsel appearing, and the parties having placed on the record their consent to continue with settlement discussions/mediation before Judge Gordon and their waiver of disqualification of Judge Gordon to preside over the matter in the event that the case does not resolve in settlement and for good cause shown, the parties consent to the following:

1. This Order governs (a) the confidential, off-the-record exchange of Plaintiff's relevant medical records and billing, including any medical lien information; (b) the confidential, off-the-record exchange of Defendant's unaudited financials (assets and liabilities); and (c) the confidential, off-the-record written settlement statements/submissions to the Court.
2. Defendant shall produce to Plaintiff, Defendant's financial documents responsive to Plaintiff's requests for which Defendant does not assert an objection. Such production shall be made no later than Friday, December 5, 2025.
   a. Within three (3) business days of receiving Defendant's production, Plaintiff shall notify Defendant in writing of any items Plaintiff sees as gaps and/or obstacles to settlement discussions.
   b. The parties shall meet and confer on Thursday, December 11, 2025, to address any outstanding issues relating to the sufficiency of Defendant's production.

    c. If the parties are unable to resolve any dispute after the meet-and-confer, either party may promptly seek the Court's intervention.

3. Plaintiff shall produce to Defendant, Plaintiff's medical records, billings, and current medical lien information. Such production shall be made no later than Monday, December 15, 2025.

4. The parties agree, and the Court confirms, that all information, records, or documents exchanged or submitted pursuant to this Order are expressly governed by, and subject to, the Confidentiality Consent Order entered by the Court on March 3, 2025 (ECF No. 25). Nothing in this Order shall be construed to limit, modify, or supersede the protections, restrictions, or procedures set forth in the March 3, 2025, Confidentiality Consent Order, which shall remain in full force and effect.

5. The parties agree, and the Court confirms, that the exchange of information, records, or documents pursuant to this Order shall not constitute a waiver of any objection, defense, or argument regarding the relevance, admissibility, discoverability, or use of such materials in any later stage of this litigation or in any other proceeding. The parties expressly reserve all rights to raise any such objections or defenses at the appropriate time. The materials are being exchanged solely for the purpose of facilitating good-faith settlement discussions and shall not be deemed an admission by any party as to the merits of any claim or defense.

6. Each party may submit two (2) settlement statements/submissions, one addressing the issue of damages and one addressing Defendant's financial condition.  Each submission shall not exceed four (4) pages, in Times New Roman 12-pt, 1-inch margins, and 1.5-line spacing. No exhibits or attachments are permitted.

    a. Submissions shall be submitted to the Court no later than close of busines (5 PM) on Friday, January 9, 2026.

    b. The parties' submissions are subject to Rule 408 and shall remain Confidential, off the record, and submitted solely for the Court's use in the course of settlement discussions, including the Court's preliminary views on admissibility, potential evidentiary weight, and any other evaluation appropriate to facilitate settlement. The confidential settlement submissions shall not be exchanged between the parties, shall not be docketed nor used for any other purpose.

Civil Action No. 2:24-cv-05916

7. If additional time is needed, the parties shall notify the Court by joint email, one week in advance of the January 9, 2026 submission date, attaching a proposed order with revised dates.

8. The parties agree, and the Court confirms, that the exchange of materials and the Court's review of the confidential submissions shall have no collateral or consequential effect on the Court's trial-related rulings or functions.

**This** 21st **day of** November **, 2025, it is so ORDERED.**

/s/ Leo M. Gordon
**JUDGE LEO M. GORDON**
**U.S. COURT OF**
**INTERNATIONAL TRADE**
**(sitting by designation in the District of New Jersey)**

The undersigned hereby consent to the form, content and entry of this Order

| **DEREK SMITH LAW GROUP, PLLC** | **SHAPIRO CROLAND, REISER APFEL & DI IORIO, L.L.P.** |
|---|---|
| /s/ Catherine W. Lowry, Esq. | /s/ Stuart Reiser, Esq. |
| Catherine W. Lowry, Esquire | Stuart Reiser, Esq. |
| 1628 Pine Street | 411 Hackensack Avenue |
| Philadelphia, PA 19103 | Hackensack, NJ 07601 |
| Phone: (267) 857-0832 | Phone: (201)488-3900 |
| Catherine@dereksmithlaw.com | sreiser@shapirocroland.com |
| *Attorneys for Plaintiff Jane Doe* | *Attorneys for Defendant Jeffrey Was* |

3