**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JANE DOE,

               Plaintiff,

      v.

JEFFREY WAS,

               Defendant.

Before: Leo M. Gordon, Judge

Court No. 2:24-cv-05916

[Denying Defendant's motion to dismiss.]

<u>**OPINION and ORDER**</u>

Dated: August 4, 2026

<u>Catherine W. Lowry</u>, Derek Smith Law Group, PLLC, of Philadelphia, PA, argued for Plaintiff Jane Doe.

<u>Stuart Reiser</u> and <u>Valerie A. Valdyka</u>, Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP of Hackensack, NJ, argued for Defendant Jeffrey Was.

Gordon,[1] Judge: In this action, Plaintiff "Jane Doe" brings claims against Defendant Jeffrey Was, alleging violation of the Trafficking Victims Protection Act, 18 U.S.C. § 1595 ("TVPA"), as well as state law claims for human trafficking, assault, battery, and intentional infliction of emotional distress. <u>See</u> Am. Compl., ECF No. 13. The claims arise out of a series of events alleged by Plaintiff including an alleged sexual assault by Defendant while the parties were in Aruba. <u>See generally</u> <u>id.</u> The court has subject matter

---

[1] The Honorable Leo M. Gordon, Judge of the United States Court of International Trade, sitting by designation.

jurisdiction over the TVPA claim pursuant to 28 U.S.C. § 1331.  The remaining state law claims are brought before the court under 28 U.S.C. § 1367.

Before the court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See Def.'s Mot., ECF No. 14 ("Def.'s Mot."); see also Pl.'s Resp. Br., ECF No. 15 ("Pl.'s Resp."); Def.'s Reply Br., ECF No. 16 ("Def.'s Reply").  The court held oral argument on February 20, 2025.  See Oral Arg., ECF No. 20.  Thereafter, the court allowed the parties to submit supplemental briefing on the precedent of United States v. Rivera, No. 6:12–cr–121–Orl–37KRS, 2012 WL 6589526 (M.D. Fla. Dec. 18, 2012), aff'd, 551 F. App'x 531 (11th Cir. 2014), which Plaintiff raised for the first time at the oral argument.  See Pl.'s Supp., ECF No. 21 ("Pl.'s Supp."); Letter Br. in Resp. to Pl.'s Supp., ECF No. 26 ("Def.'s Supp. Resp.").  For the following reasons, Defendant's motion to dismiss is denied.

## I. Background

In July 2021, Plaintiff Jane Doe entered a romantic relationship with Defendant Jeffrey Was, which lasted through May 2023.  Am. Compl. at ¶¶ 12–13.  Plaintiff was planning a trip to Aruba around August 2022.  Id. at ¶ 31.  Though she initially rejected Defendant's offer to accompany her to Aruba, Plaintiff claims that he offered to pay for "the majority, if not the entirety" of the trip.  Id. at ¶¶ 33–35.  Defendant did in fact pay for the entire cost of flights for both parties.  Id. at ¶ 36.  Plaintiff alleges the reason that Defendant paid for the couple's travel expenses was to engage in sexual acts without her consent while in Aruba.  Id. at ¶¶ 37–38.  The romantic relationship between the parties continued after this incident, including two counseling sessions around October 2022.  Id.

Court No. 2:24-cv-05916                                              Page 3

at ¶¶ 59–60.   The relationship subsequently came to an end in mid-May 2023, after

Defendant assaulted Plaintiff at his home, and Plaintiff reported the attack to the police.

Id. at ¶¶ 74–102.   Defendant then was arrested and pled guilty to assault charges in

August 2023.   Id. at ¶¶ 103–104.

## II. Standard of Review

In deciding a motion to dismiss for failure to state a claim upon which relief can be

granted under Federal Rule of Civil Procedure 12(b)(6), the court assumes all factual

allegations to be true and draws all reasonable inferences in the plaintiff's favor.

See Zuber v. Boscov's, 871 F.3d 255, 258 (3d Cir. 2017).   A plaintiff's factual allegations

must be "enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"   Ashcroft v. Iqbal, 566 U.S. 662, 678

(2009) (quoting Twombly, 550 U.S. at 555 (2007)).   Therefore, the court is "not bound to

accept as true a legal conclusion couched as a factual allegation."   Papasan v. Allain,

478 U.S. 265, 286 (1986).   Instead, "to survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'"   Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

The TVPA provides that whoever knowingly:

> (1) in or affecting interstate or foreign commerce, or within the
> special maritime and territorial jurisdiction of the United States,
> recruits, entices, harbors, transports, provides, obtains, advertises,
> maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

See 18 U.S.C. § 1591(a).

The statute further provides that the term "coercion" means:

(A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint or (C) the abuse or threatened abuse of the law or legal process.

See 18 U.S.C. § 1591(e)(2).  Congress also specifically defined the term "commercial sex act" to mean "any sex act, on account of which anything of value is given to or received by any person."  See 18 U.S.C. § 1591(e)(3).  18 U.S.C. § 1595 provides a private right of action for victims of the conduct proscribed in Section 1591.

### III. Discussion

### A. TVPA

Defendant contends that Plaintiff has failed to allege sufficient facts to establish a plausible claim for relief under the TVPA.  See Def.'s Mot. at 8.  Plaintiff alleges that Defendant violated the TVPA when Defendant paid for the couple's trip to Aruba knowing that he would use fraud, physical force and/or coercion to engage in sexual acts with Plaintiff.  Am. Compl. ¶ 108.  Plaintiff further alleges that she benefitted financially from

the arrangement. Id. at ¶ 110. Plaintiff argues that "[h]ere, the Defendant enticed Plaintiff, knowing that means of force or threats of force would be used to cause Plaintiff to engage in a commercial sex act." Pl.'s Resp. at 7.

Given these contentions, the court will go through each contested element of Plaintiff's TVPA claim and determine whether Plaintiff's allegations meet the requisite standard to survive Defendant's motion to dismiss under Rule 12(b)(6).

### 1. Elements of the Claim

### a. In or Affecting Interstate or Foreign Commerce, Knowingly Entices or Recruits a Person

Defendant does not contest the issue of whether interstate or foreign commerce was knowingly implicated. See Def.'s Mot. at 9 (arguing "Plaintiff must establish that Defendant (1) knowingly; (2) in interstate or foreign commerce; (3) recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized or solicited by any means; (4) knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud or any combination of such means will be used; (5) to cause the Plaintiff to engage in a 'commercial sex act'" and that "the Amended Complaint fails to sufficiently plead required elements 3, 4 and 5 as set forth above").

However, Defendant does argue that Plaintiff fails to allege that Defendant knowingly enticed or recruited Plaintiff because "[a]t best, Plaintiff alleges in wholly conclusory terms that Defendant, 'upon information and belief,' 'offered' to pay for the trip to somehow 'persuade' her to allow him to travel with her." Def.'s Mot. at 9. Defendant maintains that absent specific factual allegations or statements attributable to Defendant

Court No. 2:24-cv-05916                                                          Page 6

to support this allegation, Plaintiff's pleading fails to meet the requirements of Iqbal and Twombly.  Id.  The court disagrees.

While the statute does not specifically define the term "entice," the parties agree that the term as used in the statute carries its common definition and means "to attract artfully or adroitly by arousing hope or desire" and "[to] attract or tempt by offering pleasure or advantage."  See Def.'s Mot. at 10 (quoting Noble v. Weinstein, 335 F. Supp. 3d 504, 517 (S.D.N.Y. 2018), in turn quoting Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/entice,       and       Oxford       Dictionaries, https://en.oxforddictionaries.com/definition/entice); Pl.'s Resp. at 8; see also Crawford v. Metro. Gov't of Nashville & Davidson Cty., 555 U.S. 271, 276 (2009) (noting that undefined words in statutes carry their ordinary meaning).

Here, Plaintiff alleges that Defendant "offered and did pay for the majority, if not the entirety, of Plaintiff's travel expenses for their trip to Aruba…."  Am. Compl. ¶¶ 35–36. Plaintiff further alleges that "[u]pon information and belief, Defendant paid for the travel to Aruba in order to persuade Plaintiff to allow him to travel to Aruba with her in order to engage in sexual relations with Plaintiff."  Id. ¶ 37.  These allegations, taken as true, meet the elements for pleading enticement under the TVPA.  The knowledge requirement is also met as Plaintiff specifically alleges that "Defendant knew, at the time he paid for the transportation to Aruba, that he needed to persuade Plaintiff to allow him to travel with her to Aruba to force her, or threaten her, into engaging in sexual acts with him to avoid criminal prosecution in the State of New Jersey for sexual assault, assault, and/or rape." Id. ¶ 38.

Defendant maintains that "[t]o the extent that Plaintiff may argue that the allegations should be read liberally so as to infer that she was 'enticed' by the offer of travel and expense reimbursement to engage in a commercial sex act, the facts of this case do not support drawing such an inference." Def.'s Mot. at 9. Problematically for Defendant, at this stage of the proceeding, "the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff." See Def.'s Mot. at 7 (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)); see also Zuber v. Boscov's, 871 F.3d at 258 (noting court takes all of plaintiff's "factual allegations and their reasonable inferences as true" when considering motion to dismiss). To the extent that Defendant takes issue with Plaintiff's pleading of certain allegations "on information and belief," courts in this circuit have routinely held that the inclusion of such allegations do not mean that a pleading is deficient under Iqbal and Twombly. See, e.g., Tress v. AXA Advisors, LLC, Civil Action No. 11-7713, 2013 WL 12248219 at *6 (E.D. Pa. June 6, 2013) (citing Shanus v. Robert Edward Auctions, LLC, Civil Action No. 2:11-cv-2839, 2012 WL 1044316, at *9 (D.N.J. Mar. 28, 2012)). Accordingly, the court is unpersuaded by Defendant's argument that Plaintiff's claim lacks adequate allegations of "enticement."

### b. Knowing That Means of Force, Threats of Force, Fraud, Coercion, or Any Combination Will Be Used

The court now turns to the fourth element. The knowledge requirement here is distinct from the knowledge requirement discussed above. "What the statute means to describe, and does describe awkwardly, is a state of mind in which the knower is familiar with a pattern of conduct." United States v. Todd, 627 F.3d 329, 334 (9th Cir. 2010).

The Amended Complaint alleges that Defendant engaged in a pattern of conduct, and given that the Defendant is alleged to have personally engaged in the conduct, he necessarily would have known about it.  See Am. Compl. ¶¶ 14, 18, 23, 24, 26–30, 39, 42–49 (alleging multiple instances of violence, abuse, and threatening behavior).  Thus, in the court's view, Plaintiff sufficiently alleges the knowledge requirement with respect to this element.

Defendant notes that Plaintiff's initial Complaint failed to allege this element, but acknowledges that Plaintiff may have cured the deficiency "by alleging that because Plaintiff had withdrawn from sexual relations with Defendant due to prior conduct, Defendant 'knew, at the time he paid for the transportation to Aruba, that he needed to persuade Plaintiff to allow him to travel with her to Aruba to force her, or threaten her, into engaging in sexual acts' to avoid prosecution in New Jersey for sexual assault/rape." Def.'s Mot. at 12 (citing Am. Compl. ¶111).  Defendant attempts to overcome this change by noting that there appear to be inconsistent sections of the Amended Complaint that acknowledge that Plaintiff "engaged in less intimate relations" with Defendant.  Id. at 13. Ultimately, Defendant's position appears to be that because Plaintiff acknowledged that the parties were in a romantic relationship, she could not plausibly allege that Defendant knew he would need to use fraud, physical force, or other forms of coercion to engage in sex acts with Plaintiff.  Id.  The court cannot agree.  The allegations highlighted by Defendant in the Amended Complaint directly and adequately allege the knowledge element, remedying the deficiency apparent in the original Complaint.  The mere fact that Defendant "routinely paid for the couple's entertainment and travel costs" does not defeat

Plaintiff's plausible allegations that Defendant's conduct leading up to and during the Aruba trip constituted enticement under the TVPA.

### c. To Cause a Person to Engage in a Commercial Sex Act

As to the final element, Defendant argues that Plaintiff's claim must fail as a matter of law because any sex act in this case was not "commercial," as required by the statute. The statute specifically defines the term "commercial sex act" as "any sex act, on account of which <u>anything of value</u> is given to or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added).

Under the plain meaning of this definition, Plaintiff plausibly alleges a commercial sex act. She clearly alleges a sex act, Am. Compl. ¶¶ 47–49, and further alleges that she received something of value in exchange for the sex act. Am. Compl. ¶ 110 ("As Plaintiff did not have to pay for her travel to Aruba, or many of her expenses while in Aruba, Plaintiff benefitted financially from Defendant's transportation of her for Defendant's purpose of engaging in a sexual act with Plaintiff.").

Defendant argues that accepting Plaintiff's allegations here as meeting the "'commercial sex act' element would require an unwarranted expansion of the contours of the TVPA way beyond that which was intended by the Legislature and as recognized by our courts." Def.'s Mot. at 13–14. Defendant then goes through the legislative history and intent behind the TVPA. <u>Id.</u> Ultimately, "Defendant may be correct regarding legislative intent; however, at the motion to dismiss stage, a claim survives as long as the facts alleged, assumed to be true, establish the elements of the claim." <u>See Huett v. Weinstein Co. LLC</u>, Case No. 2:18-cv-06012, 2018 WL 6314159, at *1 (C.D. Ca. Nov. 5,

2018) (addressing and rejecting similar arguments as to why legislative history and intent did not warrant dismissal of claims adequately alleging elements of TVPA violation).[2] Accordingly, the court concludes that Plaintiff sufficiently alleges that Defendant caused Plaintiff to engage in a commercial sex act for the purpose of Section 1591.

### IV. Conclusion

For the foregoing reasons, Plaintiff has plausibly alleged a claim under the TVPA and the court denies Defendant's motion to dismiss.  Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is denied; and it is further

**ORDERED** that Defendant shall file its Answer to the Amended Complaint by Thursday, September 10, 2026.


/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)


Dated: August 4, 2026
          Newark, New Jersey

---

[2] Critically, whether Plaintiff can prove the elements of her TVPA claim by a preponderance of the evidence is a different question that is left to the disposition of this action on the merits.