**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE, | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | |
| JEFFREY WAS, | Court No. 2:24-cv-05916 |
| Defendant. | |

**MEMORANDUM and ORDER**

Dated: August 4, 2026

Catherine W. Lowry, Derek Smith Law Group, PLLC, of Philadelphia, PA, argued for Plaintiff Jane Doe.

Valerie A. Vladyka, Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP of Hackensack, NJ, argued for Defendant Jeffrey Was. With her on the brief was Stuart Reiser.

Gordon,[1] Judge: In this action, Plaintiff Jane Doe brings this action against Defendant Jeffrey Was alleging violation of Trafficking Victims Protection Act, 18 U.S.C. § 1595 ("TVPA"), as well as related claims under state law. See Am. Compl., ECF No. 13. Plaintiff's claims arise out of incidents that occurred over the course of her relationship with Defendant that lasted from July 2021 until May 2023.

Before the court is Plaintiff's motion for leave to proceed under the pseudonym "Jane Doe" in this action. See Pl.'s Mot., ECF No. 28 ("Pl.'s Mot."); see also Def.'s Br. in Opp'n, ECF No. 30 ("Def.'s Br."). The court held oral argument on May 20, 2025. See

---

[1] The Honorable Leo M. Gordon, Judge of the United States Court of International Trade, sitting by designation.

Court No. 2:24-cv-05916                                                    Page 2

Transcript of Oral Argument, ECF No. 33 ("Oral Arg. Tr."). The court has jurisdiction over the TVPA allegation pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. For the reasons set forth below, Plaintiff's motion for leave to proceed under a pseudonym is denied.

## I. Standard of Review

The Federal Rules of Civil Procedure require that a plaintiff's complaint identify all parties by name. Fed. R. Civ. P. 10(a). Further, the Federal Rules provide that all actions must be brought "in the name of a real party in interest" to the litigation. Fed. R. Civ. P. 17(a)(1). Transparency and public access to open court proceedings are fundamental pillars of the American justice system. Consequently, an intentionally high bar is set for a party seeking to proceed anonymously.  A party must first establish a reasonable fear of severe harm stemming from proceeding with open litigation in their own name. Doe v. Oshrin, 299 F.R.D. 100 (D.N.J. 2014). Only after a party has proven such a reasonable fear may the court weigh it against the public's interest in open and transparent judicial proceedings. Id.  In Doe v. Megless, the U.S. Court of Appeals for the Third Circuit ("Third Circuit") adopted a balancing test that weighs six factors in favor of anonymity and three factors against it. The factors in favor of anonymity are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his

> refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011) (quoting Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1977)).

The factors that weigh against anonymity are:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

## II. Discussion

The parties agree that the standard to qualify for pseudonym status articulated in Megless applies here. See Oral Arg. Tr. at 9:15–10:1 (Defendant's counsel confirming that parties agree that Megless standard applies); see also Pl.'s Mot. at 1–2; Def.'s Br. at 2–3. Plaintiff argues that each of the Megless factors weighs in favor of anonymity. See generally Pl.'s Mot. She further contends that revealing her identity would traumatize a minor child, who is unaware of the sexual assault allegations, which amounts to a reasonable risk of severe harm. See id. at 3; but see Def.'s Br. at 5–6 (arguing such allegations are insufficient to qualify for pseudonym status). The court accepts Plaintiff's representation that disclosure of their status as a sexual abuse victim to the minor child may qualify as severe harm; however, the facts and circumstances of this matter

Court No. 2:24-cv-05916                                                    Page 4

demonstrate that Plaintiff cannot qualify for pseudonym status under even the first factor

of the Megless analysis.

### A. Plaintiff's Online Postings Disqualify Plaintiff from Pseudonym Status in this Action

The first factor analyzes "the extent to which the identity of the litigant has been

kept confidential."  Megless, 654 F.3d at 409.  Plaintiff argues that this factor weighs in

her favor because she "has not disclosed her identity as a victim of rape to her family,

close friends, or colleagues." Pl.'s Mot. at 3; see also Oral Arg. Tr. at 3:9–12.  Plaintiff

maintains that "[s]hould Plaintiff be denied the right to continue litigating this case under

a pseudonym, there is a risk that Plaintiff's minor son would discover his mother is the

Plaintiff in this matter."  Pl.'s Mot. at 3.

However, Defendant identifies 99 Facebook and/or Instagram posts[2] made by

Plaintiff "under her real name, with her own photograph – declaring herself a victim of

domestic abuse and identifying Defendant as her abuser." Def.'s Br. at 4; see also

Exhibits A–I to Def.'s Br., ECF Nos. 30-3–30-11.  Defendant emphasizes that Plaintiff's

social media posts "do not merely allude to vague misconduct. Rather, she disclosed

precise allegations… She posted the police report. She posted court documents." Id.

Plaintiff posted Defendant's photograph with captions like "Domestic Abuser" and "Expert

---

[2] It is uncontested that Plaintiff made these posts between November 2023 and January 2024. The posts are not restricted to Plaintiff's "friends" or "followers," meaning that anyone with internet access may view them.  See Oral Arg. Tr. at 2:14–21 (Plaintiff acknowledging the social media posting exhibits submitted by Defendant and conceding that "she has been public about some of the factors in this case"); id. at 24:25–25:8 (Defendant's counsel confirming broad public availability of access to Plaintiff's online posts).

in Domestic Abuse."  See, e.g., Exhibit A, ECF No. 30-3. Plaintiff also listed the name, address, and website of Defendant's workplace.  See Exhibit E, ECF No. 30-7. Notably, at oral argument, Plaintiff acknowledged that the content of these posts was directly related to the state law claims pending in this action. Oral Arg. Tr. at 5:8–16 ("THE COURT: Are the facts solely confined to the circumstances surrounding the August trip? MS. LOWRY: No, they're not. They do include the domestic violence claims. We acknowledge that. THE COURT: So there are materials that are posted on the internet that reflect law enforcement documents. MS. LOWRY: Correct. THE COURT: That identify the plaintiff by name? MS. LOWRY: Correct."). Plaintiff's repeated broadcasting of the details of her claims against Defendant leads the court to conclude that her application for pseudonym status must fail after applying the first factor of Megless. Therefore, the court need not reach any of the remaining factors to conclude that Plaintiff cannot prevail on her motion.

    Putting the legal standard aside for the moment, the court is troubled by the fact that Plaintiff failed to address her voluntary online publication of this identifying information in any filings, nor did she request permission to reply once Defendant raised the issue and identified its concern about these various postings in the context of Plaintiff's desire for pseudonym status.  See generally Pl.'s Mot.  Plaintiff instead waited until oral argument to offer the court a threadbare argument and explanation, arguing that the distinction between sexual and domestic abuse meant that Plaintiff's online postings about Defendant's domestic abuse should not bar her from proceeding under a pseudonym given her claims as to sexual abuse.  See Oral Arg. Tr. at 2:22–3:2

(explaining, for first time, distinction in Plaintiff's view between domestic violence and sexual assault claims with regard to pseudonym status); see also Pl.'s Mot. (providing no arguments exploring legal distinctions and implications of Plaintiff's online postings regarding domestic vs. sexual abuse).   The court is not persuaded by Plaintiff's underdeveloped argument attempting to distinguish domestic and sexual abuse for purposes of the Megless analysis.  Accordingly, the court concludes that Plaintiff cannot maintain its claim for pseudonym status in this action.

## B. Practical Application of Pseudonym Status

Putting aside the question of whether Plaintiff can demonstrate that she qualifies for pseudonym status, there is the separate issue as to whether pseudonym status could be practically applied here.  After the court expressed concern at oral argument as to how such a distinction could be practically applied in this matter, Plaintiff's counsel suggested that the court could thread the needle and grant Plaintiff some sort of partial pseudonymity.  See Oral Arg. Tr. at 5:20–6:16. Specifically, Plaintiff maintained that the court should recognize a distinction between domestic abuse and sexual abuse, and adjudicate allegations as to the latter with the protections of pseudonym status.  Id. at 2:22–4:2. When asked to provide any case law or relevant authority to support this distinction, Plaintiff directed the court to Doe v. Trishul Consultancy, Civil Action No. 18-16468, 2019 WL 4750078 (D.N.J. Sept. 30, 2019).  See Oral Arg. Tr. at 17:16–18:22 (acknowledging lack of case law on point but mentioning Trishul as instructive). Plaintiff's counsel also acknowledged the fact that Trishul is silent on whether a legal distinction could be drawn between allegations of sexual and domestic violence. Id.

Court No. 2:24-cv-05916                                                    Page 7

at 18:16–18:22. Accordingly, neither <u>Trishul</u>, nor any other precedent cited by Plaintiff, appear to support Plaintiff's motion given consideration of the totality of the facts and circumstances.

It is undisputed that Plaintiff has posted repeatedly online divulging her name, Defendant's name, and a variety of allegations and reports relating to the underlying bad acts that are the subject of Plaintiff's lawsuit. Plaintiff has offered the court no guidance as to how it could possibly maintain Plaintiff's anonymity in the context of her sexual abuse allegations based on the uncontested disclosures as to the other forms of domestic abuse. Given the facts and circumstances here, and with Plaintiff's inability to point to any persuasive or controlling authority in support of her position, the court concludes that it is neither feasible, nor justified, to grant Plaintiff pseudonym status in this action.

### III. Conclusion

For the reasons set forth above, the court will deny Plaintiff's motion to proceed under a pseudonym.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to Proceed Under a Pseudonym, ECF No. 28-1, is denied; it is further

**ORDERED** that the Clerk's Office shall change the caption of this matter to reflect the actual name of the Plaintiff; it is further

**ORDERED** that all documents filed in this matter going forward from this date shall have the parties' actual names; and it is further

Court No. 2:24-cv-05916                                                  Page 8

**ORDERED** that the parties shall contact Jessica LoGatto at jessica_logatto@njd.uscourts.gov, no later than August 20, 2026, to schedule a video conference with the court to address next steps in this matter.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: August 4, 2026
        Newark, New Jersey